IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHNNIE RAY HAWTHONE                                                    PETITIONER

v.                                    Civil No. 4:06-cv-4098

LARRY NORRIS, Director,                                               RESPONDENT
Arkansas Department of Correction


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, JOHNNIE RAY HAWTHORNE, an inmate confined in the Arkansas Department

of Corrections, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1996).  The

petition was referred for findings of fact, conclusions of law and recommendations for the

disposition of the case.

**Procedural Background[1]**:

On January 14, 1997, Petitioner was convicted by a jury of attempted rape and possession

of drug paraphernalia in the Circuit Court of Miller County, Arkansas.  Petitioner was sentenced to

a total of forty (40) years imprisonment.[2]   His conviction and sentence were affirmed by the

Arkansas Court of Appeals on March 18, 1998.  *See Hawthorne v. State*, No. CACR 97-1021, 1998

WL 128743, *1 (Ark. App. March 18, 1998).

On April 4, 1998, he filed a petition for post-conviction relief in the Miller County, Arkansas,

Circuit Court.  This petition was denied on June 22, 1998.  Petitioner did not file a notice of appeal

with the Circuit Clerk but rather filed a Motion for Belated Appeal with the Arkansas Supreme

---

[1]The procedural background is taken from the Court's Docket and the briefs of the
Parties.

[2]Petitioner was sentenced to thirty (30) years for attempted rape and ten (10) years for
possession of drug paraphernalia.

Court.  The motion for belated appeal was denied.  *See Hawthorne v. State*, No. CR-98-1434, 1999

WL 239873, *1 (Ark. April 22, 1999).

On May 14, 2001, Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C.

§ 2254 in this Court.  *See Hawthone v. Norris*, No. 4:01-CV-4074.   This Court found the petition

barred by the applicable statute of limitations and dismissed the petition on September 17, 2002.

The United States Court of Appeals for the Eighth Circuit denied Petitioner's application for a

certificate appealability on December 26, 2002, and the United States Supreme Court denied his

petition for writ of *certiorari* on October 6, 2003.

**Current Petition**:

On November 7, 2006, Petitioner filed the instant petition for writ of habeas corpus pursuant

to  § 2254, again seeking relief from his 1997convictions in Miller County Circuit Court.  He files

a "Form No. 9" along with his petition explaining why his new petition should not be barred as a

successive petition stating specifically, "an error has accured (sic) denying my rights to appeal June

18, 1998, this constitutes a violation of my 5th Amendment. The States (sic) of Arkansas held back

on evidence in my appeal." (Docket # 2).  Petitioner alleges he attempted to appeal the original state

post-conviction proceeding, prior to filing his first petition in this court, but was barred by the

Arkansas Supreme Court because his appeal notice was not timely filed.  He states that he did in fact

timely file the notice of appeal.[3]

---

[3]  Petitioner also alleges that his court appointed counsel in the original § 2254 petition
was ineffective.  Such claim is not cognizable in a § 2254 proceeding.  The United States
Supreme Court has held that there is no right to an attorney in state post-conviction proceedings
and that a petitioner cannot claim constitutionally ineffective assistance of counsel in such
proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546,  2566 (1991).
Furthermore, 28 U.S.C. § 2254(i) provides, "[t]he ineffectiveness or incompetence of counsel

The Respondent asserts that this petition "is again attacking the same convictions that were at issue in Case No. 01-4074," the original § 2254 filed by Petitioner.  Respondent urges dismissal as an unauthorized "successive petition" pursuant to 28 U.S.C. § 2244(b)(3)(A).

**Discussion**:

Rule 9 governing Section 2254 cases provides:

Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Similarly Section 2244(b)(3)(A) provides:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The Eighth Circuit Court of Appeals has stated "[s]ection 2244 requires dismissal of a second or successive petition unless the claim raised asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense."  *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003).  The general bar against abusive or successive claims therefore extends to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition.

Here, Petitioner makes no new argument nor does he allege new facts demonstrating his innocence of the underlying offense, which could not have been discovered prior to the filing of his first petition.  The instant Petition is clearly a "successive petition."  Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit

during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

to file this successive petition.  Petitioner may not file a successive petition in this Court without the permission of the Eighth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A).  The Petitioner has not shown that he has received permission from the Eigth Circuit to file the present petition.  The petition should thus be dismissed.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant petition be denied and dismissed.[4]  Further, pursuant to 28 U.S.C. § 1915(a)*,* I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The parties have ten (10) days from receipt of my report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **26th** day of March, 2007.

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4]  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*