IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHNNIE RAY HAWTHONE                                                                    PETITIONER

VS.                                              CASE NO. 06-CV-4098

LARRY NORRIS, Director,
Arkansas Department of Corrections                                                      RESPONDENT

## ORDER

On April 18, 2007, after reviewing the record *de novo* and considering Plaintiff Johnnie Ray Hawthone's objections, the Court adopted (Doc. 14) the Report and Recommendation (Doc. 12) of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas and dismissed Hawthone's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Now before the Court is Plaintiff Johnnie Ray Hawthone's Motion for Certificate of Appealability, (Doc. 16) in which Hawthone seeks leave to appeal the dismissal of his petition to the Eighth Circuit Court of Appeals.

28 U.S.C. § 2253 controls appellate review of final orders of district courts in habeas cases. Section 2253 provides, in relevant part: "a certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Garrett v. U.S.*, 211 F.3d 1075, 1076 -77 (8th Cir. 2000)(*quoting Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied,* 525 U.S. 834, 119 S.Ct. 89, 142 L.Ed.2d 70 (1998)).  Without a certificate of appealability, an appeal of this Court's denial of Hawthone's habeas petition may not be taken to the Eighth Circuit Court of Appeals.  28 U.S.C. § 2253(c)(1).

Upon review of the record, the Court is satisfied that Hawthone has failed to make a substantial showing of the denial of a constitutional right. As noted in the order adopting the Report and Recommendation, Hawthone's previous petition for habeas relief under § 2254, filed in 2002, was barred by the statute of limitations. *See Hawthone v. Norris*, No. 4:01-CV-4074 (W.D. Ark. 2002), *cert. denied*, 540 U.S. 897, 124 S.Ct. 259, 157 L.Ed.2d 176 (2003). Hawthone filed the instant, successive petition for habeas relief –without Eighth Circuit approval as required by 28 U.S.C. § 2244(b)(3)(A)–in November of 2006. Section 2244(b)(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Hawthone failed to comply with this prerequisite for bringing a successive habeas petition, resulting in this Court's denial of his habeas petition. Additionally, Judge Bryant found that Hawthone's successive petition for habeas relief advanced neither argument nor fact which could not have been discovered prior to the filing of his initial habeas petition. (*See* Doc. 12, pg. 3). For these reasons, the Court noted in the Order adopting Judge Bryant's recommendation that "[a]n appeal from this decision may not be taken in good faith." (Doc. 14, pg. 2).

Therefore, instead of making the requisite showing of the denial of a constitutional right, Hawthone's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and his Motion for Certificate of Appealability reveal fatal procedural defaults. Accordingly, Hawthone's Motion for Certificate of Appealability should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 9th day of May, 2007.

                                                  /s/Harry F. Barnes
                                                  Hon. Harry F. Barnes
                                                  United States District Judge